# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.          CRIMINAL NO. 2:17-CR-24-KS-MTP

**JOE LAMONT GHOLAR**

## ORDER

On February 1, 2018, Defendant pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). On September 10, 2019, the Court sentenced Defendant to 48 months of imprisonment followed by 3 years of supervised release. This was a below-guideline sentence. On May 14, 2021, Defendant filed a Motion for Compassionate Release [35] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. He is not scheduled for release until December 29, 2022.

First, to the extent Defendant seeks it, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of Defendant's sentence, 18 U.S.C. § 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a)

provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).[1] The Guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is

---

[1] *But see United States v. Shkambi*, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that neither the sentencing commission's policy statement nor its commentary are binding on the district court's disposition of an inmate's own motion under § 3582).

consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . .'" *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).[2]

Defendant requests compassionate release because of the COVID-19 pandemic. He is currently incarcerated at Pensacola FPC. Defendant claims that, at the time he wrote his motion, there were "over 30 confirmed cases of COVID-19" at the facility. According to the Government, BOP has fully vaccinated 54 staff members at Pensacola FPC, as well as 199 out of 333 inmates, or 59.7% of the inmate population. Defendant himself is fully vaccinated, having received the first dose of the Pfizer COVID-19 vaccine on February 5, 2021, and the second dose on February 25, 2021.

Defendant argues that he should be granted compassionate release because the living conditions in a prison facility make it more difficult for him to avoid exposure to COVID-19. He argues that he is at a higher risk of serious illness or death

---

[2] The Fifth Circuit has declined to weigh in as to whether the catch-all "other reasons" provision "delegates only to the Bureau of Prisons." *Id.* at 433 n. 4.

because he is obese. He also argues that he poses no threat to the community or any other persons if released because he will be supervised by a probation officer.

There is no consensus within the federal courts as to the precise definition of an "extraordinary and compelling reason" as contemplated by § 3582(c)(1)(A).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. Even where they have denied release, some courts have assumed that the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release. But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

*Thompson*, 984 F.3d at 434 (citations omitted). For example, this Court has repeatedly held that the risk posed by the COVID-19 pandemic, even when exacerbated by preexisting medical conditions, does not by itself constitute an "extraordinary and compelling" reason to reduce a sentence. *See, e.g. United States v. McAfee*, 2012 WL 1341865 (S.D. Miss. Apr. 9, 2021). Other courts in this Circuit have held the same. *See United States v. Griffin*, 2021 WL 1267794, at *2 (E.D. La. Apr. 6, 2021); *United States v. Alvarez*, 2021 WL 1270494, at *3-*4 (S.D. Tex. Apr. 6, 2021); *United States v. Gardner*, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021); *United States v. Richard*, 2021 WL 107207, at *2 (S.D. Miss. Jan. 12, 2021); *United States v. Jensen*, 2020 WL 6504670, at *3 (N.D. Tex. Nov. 5, 2020); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Gildner*, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020).

In short, "[p]reexisting medical conditions that place a defendant at increased

risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020). Moreover, a defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4; *see also Thompson*, 984 F.3d at 435. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

Accordingly, the Court finds that Defendant's obesity and the COVID-19 pandemic do not, by themselves, constitute an extraordinary and compelling reason to reduce his sentence. *See, e.g. Thompson*, 984 F.3d at 432-34 (district court did not abuse its discretion in denying compassionate release to inmate with two chronic medical conditions); *United States v. Gowdy*, 832 F. App'x 325, 327 (5th Cir. 2020) (district court did not abuse its discretion in denying compassionate release to inmate with chronic medical conditions); *United States v. Stark*, 831 F. App'x 129, 130 (5th Cir. 2020) (district court did not abuse its discretion in denying compassionate release to inmate who was obese); *United States v. Brunt*, --- F. App'x ---, 2021 WL 1158154, at *1 (7th Cir. Mar. 26, 2021) (district court did not abuse its discretion in finding that health conditions which placed inmate at higher risk from COVID-19 did not

5

create an extraordinary and compelling reason for release). Moreover, the Court finds that the pandemic presents little to no substantial risk to Defendant because he has already been fully vaccinated, along with approximately 60% of the inmates in his facility. *See, e.g. United States v. Parham*, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021); *United States v. Wills*, 2021 WL 2179256, at *1 (D. Or. May 27, 2021) (citing cases). Indeed, the vaccination rate among inmates at Pensacola FPC exceeds that of the general population in the state of Mississippi.

The Court also finds that a reduction in sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2). As noted above, Defendant is not scheduled for release until the end of 2022. He has served less than two-thirds of a sentence that was already below the applicable Guideline range.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 984 F.3d at 434-35. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5.

Defendant has been fully vaccinated, as have 60% of the inmates at his facility. The BOP's response to the pandemic – outlined in detail in the Government's brief – is sufficient given the circumstances and logistical issues presented by a prison environment. For all these reasons, the Court **denies** Defendant's Motion for Compassionate Release [45].

SO ORDERED AND ADJUDGED this 12th day of July, 2021.

    /s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE